UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST BANK OF THE LAKE | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _4:23-cv-927_ |
| | § | |
| AIR TRANSPORT NETWORK LLC, | § | |
| EDDIE LINDSEY, AND LEGACY | § | |
| AIRWAYS, LLC | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION,
AND EX PARTE APPLICATION FOR WRIT OF SEQUESTRATION**

TO THE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, First Bank of the Lake ("**Plaintiff**") and files this Original Complaint and Application for Temporary Restraining Order and Temporary Injunction, and Ex Parte Application for Writ of Sequestration complaining of Defendants, Air Transport Network LLC, Eddie Lindsey, and Legacy Airways, LLC ("**Defendants**") and would show to the Court the following:

**PARTIES**

1.     Plaintiff is a Missouri banking corporation organized under the laws of the state of Missouri with its principal place of business in Osage Beach, Missouri.

2.     Defendant, Air Transport Network LLC ("**Borrower**" or "**Air Transport**") is a Texas Limited Liability company located in Humble, Texas.  Borrower may be served via its registered agent for service, Eddie Lindsey at 3903 Treaschwig, Humble, Texas 77338, or wherever he may be found.

3. Defendant, Eddie Lindsey ("**Lindsey**") is an individual residing in Texas and may be served at 3903 Treaschwig, Humble, Texas 77338, or wherever he may be found.

4. Defendant, Legacy Airways, LLC ("**Legacy**") is a Florida Limited Liability Company.  Legacy may be served via its registered agent for service, Dulin Hassett, P.C., 2525 Robinhood, Houston, TX 77005, or wherever he may be found.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this cause under the diversity jurisdiction provisions of 25 USCA § 1332, in that Plaintiff is a resident of the state of Missouri and the Defendants are residents of the State of Texas in that all members of Air Transport and Legacy Airways are domiciled and reside in Texas and the matter in controversy herein exceeds $75,000.

6. Venue is proper in the Southern District of Texas, in that Borrower has and maintains offices in the Southern District of Texas, the collateral for which sequestration is sought in this action is located in the Southern District of Texas, and the claim or causes of action described herein arise, in whole or in part, in the Southern District of Texas.

## FACTUAL BACKGROUND

7. On August 29, 2019 Borrower executed and delivered to Plaintiff a Promissory Note payable to Plaintiff in the original principal amount of $4,000,000.00 (the "**Note**") bearing interest and payable in installments as provided therein.  A true and correct copy of the Note is attached hereto as Exhibit 1.

8. To additionally secure the loan evidenced by the Note, Borrower and Guarantors each executed and delivered to Plaintiff, that certain Loan Agreement and First Amended Loan

Agreement (the "**Loan Agreement**").  A true and correct copy of the Loan Agreement is attached hereto as Exhibit 2.

9.      Additionally, Borrower executed a Security Agreement dated August 29, 2019 (the "**Security Agreement**") by which Borrower pledged certain assets specified therein as collateral securing the Note.  A true and correct copy of the Security Agreement is attached hereto as Exhibit 3.

10.      U.C.C. Financing Statements further memorializing the collateral pledged by Borrower to Plaintiff in the Security Agreement were filed with the Texas Secretary of State under Filing Nos. 19-0033187901 and 20-0051689748.

11.      Additionally, Borrower executed an Aircraft Security Agreement dated October 1, 2019 (the "**Aircraft Security Agreement**") by which he pledged certain aircraft and parts described therein as collateral securing the Note.  In the Aircraft Security Agreement Borrower provided a first lien to Plaintiff on a Saab-Scania Aircraft, Model No. SAAB 340B, FAA Registration Number: N220MJ, Serial Number 340B-220 (the "**Aircraft**") and General Electric Engines, Number 2, Model Number: CT&-9B, Serial Number GI-E785254 & GE-E309730 as security for the satisfaction of Plaintiff's contractual obligations under the Note.  A true and correct copy of the Aircraft Security Agreement is attached hereto as Exhibit 4.

12.      Additionally, Legacy and Lindsey ("**Guarantors**") executed and delivered to Plaintiff their unconditional and unlimited Guarantees (the "**Guarantees**") guarantying the prompt and punctual payment of the Note, and the prompt and punctual performance of all the obligations of Borrower under the Note.  A true and correct copy of the Guarantees is attached hereto as Exhibit 5.

13.     Borrower has defaulted on its contractual payment obligations under the Note.  In addition to other informal demands, Plaintiff sent written notice to Borrower and Guarantors on February 8, 2023 that the payment obligations under the Note were accelerated and demanded possession of the Aircraft.  A true and correct copy of the Demand is attached hereto as Exhibit 6.

14.     The current accelerated balance due under the Note is no less than $3,951,655.05. The value of the Aircraft pledged as collateral to secure payment of the Note is currently no more than $850,000.00 depending on its condition.  The total value of all collateral securing the Note is valued at far less than the balance due under the Note.

15.     In accordance with its rights under the terms of the Aircraft Security Agreements, Plaintiff attempted to take possession of the Aircraft, but has not been able to do so.  Plaintiff has made demand upon Borrower to deliver possession of the Aircraft to it, but Borrower has failed and refused to deliver possession thereof to Plaintiff.

16.     Plaintiff is entitled to immediate possession of the Aircraft, and reasonably fears and believes that, unless Defendants are temporarily restrained and enjoined as prayed for herein; Defendants, their agents, employees, representatives, or others acting in concert with them, will hide, secrete, damage, sell or destroy the Aircraft. By the very nature of the property, the Aircraft and its parts are easily transportable, and Plaintiff reasonably believes that Defendants may take steps to remove the Aircraft and/or related parts outside of the jurisdictional limits of this Court, or otherwise secrete, hide or endanger the Aircraft and or its related parts.

17.     After initially defaulting on the payment obligations under the Note, Lindsey initially indicated he would cooperate and attempt to assist in the sale of the Aircraft.  However, things quickly went South in terms of Lindsey's cooperation.  He has now refused to turn over the

possession of the Aircraft or to cooperate with Plaintiff regarding its sale and has engaged in fraudulent conduct attempting to deprive Plaintiff of its collateral.

18.     More specifically, Borrower, through Lindsey, has sent fraudulent and invalid checks to Plaintiff purporting to be payment in satisfaction of the Note, when in fact the instruments in question are fakes and invalid.  A true and correct copy of the correspondence and fake checks sent by Lindsey to Plaintiff are attached hereto as Exhibit 7.  The checks transmitted by Lindsey are not of any monetary value.

19.     Additionally, Borrower, through Lindsey has also very recently on or about February 13, 2023, fraudulently filed UCC Amendments with the Texas Secretary of State, attempting to terminate Plaintiff's UCC liens without the consent, knowledge or authority of Plaintiff.  Borrower has also filed a UCC filing indicating that Plaintiff is a creditor of his, which is entirely false and misleading in that they indicate that Plaintiff is a creditor of Lyndsey.  Plaintiff did not authorize any of these filings by Lindsey.  A true and correct of Borrower's fraudulent UCC filings, including his attempted termination of Plaintiff's UCC filings are attached hereto as Exhibit 8.

20.     This conduct by Lyndsey on behalf of Borrower is clear evidence of his intent to deprive Plaintiff of its right to its collateral and evidences an immediate threat that such collateral may be sold, converted or damaged.

21.     Plaintiff reasonably fears that, unless temporarily restrained and enjoined that Defendants, or others acting in concert with them or on their behalf, will remove, damage, hide, secret or destroy some or all of the Aircraft, engines, parts or equipment securing the subject loan, if not the entire Aircraft and engines securing payment of the Note.

20230164.20230164/5052714.1

22.     This untenable and fraudulent conduct undertaken by Borrower is substantial indicia that the subject collateral is at immediate risk, in addition to Borrower's failure to turn over possession of the Aircraft or cooperate regarding its sale, despite written demand to Borrower and Lindsey by Plaintiff.

23.     In addition to the Note, on October 7, 2020, Borrower executed and delivered to Plaintiff a promissory note in the original principal amount of $300,000.00 bearing interest and payable in installments as provided therein ("**Note 2**").  A true and correct copy of the Note 2 is attached hereto as Exhibit 9.

24.     Additionally, Legacy and Lindsey ("**Guarantors**") executed and delivered to Plaintiff their unconditional and unlimited Guarantees (the "**Guarantees 2**") guarantying the prompt and punctual payment of Note 2, and the prompt and punctual performance of all the obligations of Borrower under Note 2.  A true and correct copy of the Guarantees is attached hereto as Exhibit 10.

25.     The current balance due and owing under Note 2 is no less than $305,630.62. Plaintiff seeks recovery of the amount due under Note 2 from Borrower and Guarantors, in addition to the other relief requested herein.

## CAUSES OF ACTION

### Breach of Contract

26.     All preceding paragraphs are incorporated herein by reference.

27.     Plaintiff has complied with its contractual obligations under the Note, Note 2 and all related Guarantees.  Defendants, and each of them, have breached their obligations under the Note, Note 2, the Aircraft Security Agreements, the Loan Agreement and the related guarantees. Plaintiff brings this suit for recovery of the principal balance remaining due under the Note and

6

Note 2, together with all accrued interest, and recovery of all other amounts due, or to become due, to Plaintiff under the terms of the Note, Note 2, the Aircraft Security Agreements, the Loan Agreement and the related guarantees from Defendants.

## Application for Injunctive Relief

28.     All preceding paragraphs are incorporated herein by reference.

29.     Plaintiff will suffer immediate and irreparable injury, loss or damage if Defendants, their agents, employees, managers, representatives and others acting in concert with them are not immediately enjoined from converting, diverting, hiding, secreting, or commingling the Aircraft. Based on Borrower and Lindsey's fraudulent conduct, and failure to deliver possession of the Aircraft to Plaintiff in accordance with Plaintiff's rights, and absent the injunctive relief sought by Plaintiff.   Plaintiff reasonably believes that Defendants will continue to conceal and may yet dispose of or otherwise make the Aircraft, and some or all of the Avionics, parts, equipment, or engines unavailable to satisfy Defendants' indebtedness to Plaintiff.

30.     The reasonable value of the Aircraft and related collateral is far less than the unpaid principal balance of the Note, and upon information and belief Defendants lack sufficient assets to pay the Note in full, and therefore lack sufficient assets to satisfy a judgment.  Additionally, the Aircraft includes very individualized, specific and unique items of property, having substantial value in and of themselves, and none of them can be easily replaced or duplicated, given the specific equipment contained in the Aircraft, and the specific specifications and description of the Aircraft.  Therefore, Plaintiff does not have an adequate remedy at law and will suffer irreparable harm, damage and injury unless Defendants are temporarily restrained and enjoined as prayed for herein, and unless an immediate writ of sequestration is issued as prayed for herein.

31.     In order to avoid such irreparable injury, Plaintiff seeks a temporary restraining order, temporary injunction and writ of sequestration.

## Temporary Restraining Order and
## Temporary Injunction With Respect to the Property

32.     All preceding paragraphs are incorporated herein by reference.

33.     In order to protect and preserve the Aircraft, Logs, and related parts, and the collateral for the Note, and in order to allow Plaintiff to exercise its right to take possession of the Aircraft and foreclose its security interest therein, Plaintiff seeks a temporary restraining order:

(i)     Enjoining and restraining Defendants, and each of their officers, directors, shareholders, employees and representatives from:

    (a)     hiding, secreting, moving, transferring, or removing from the jurisdictional limits of this Court and/or from Montgomery County, Texas, or any other County where such items are located, any of the Aircraft, parts, and/or any of the flight or maintenance logs for each of the airframes and engines in the Aircraft (the "**Logs**");

    (b)     Removing, damaging, destroying, hiding, or secreting any of the Avionics or any other equipment or parts relating to the Aircraft or engines;

    (c)     Transferring or delivering possession of the Aircraft, the Logs, parts or the Avionics to any other person or entity, except in strict compliance with the requirements of the Aircraft Security Agreements and the Loan Agreement.

(ii)    Mandatorily enjoining Defendants, and each of their officers, directors, shareholders, employees and representatives to deliver to Plaintiff possession of the Aircraft and the Logs, together with such keys, combinations, access codes, parts and other documentation as may be required by applicable law in order to fly, transport or otherwise move or take possession of the Aircraft.

34.     Plaintiff also seeks a temporary injunction extending the temporary restraining order until a judgment is entered in this cause and further seeks a permanent injunction on terms identical to the temporary restraining order and temporary injunction.

**Writ of Sequestration**

35.     All preceding paragraphs are incorporated herein by reference.

36.     Plaintiff additionally seeks a writ of sequestration pursuant to the provisions of Rule 64 of the Federal Rules of Civil Procedure, and Section 62.001 of the Texas Civil Practice and Remedies Code.

37.     As described above, Plaintiff holds a perfected security interest in the Aircraft and is entitled to foreclose its security interest therein in accordance with the terms of the Aircraft Security Agreements, the Note, the Loan Agreement and the Guaranty.  The indebtedness is due and unsatisfied.  Plaintiff has made demand upon Defendants to deliver possession of the Aircraft but Defendants have failed and refused to do that.  Plaintiff reasonably believes that there is immediate danger that Defendants will conceal, hide, secrete or remove from the jurisdiction of this Court and/or from Montgomery County, during the pendency of this action, the Aircraft, the Logs and/or the Avionics, engines and related parts, because Defendants have defrauded Plaintiff by providing invalid and fraudulent payments, filed fraudulent UCC Amendments, and refused to allow Plaintiff access to and possession of Plaintiff's collateral.

38.     Unless a prejudgment writ of sequestration is issued, ex parte, and without notice to Defendants, Plaintiff reasonably believes that the Aircraft, Logs, and related parts are in immediate danger of being hidden, secreted, lost or removed from Montgomery County and/or the State of Texas, or in danger of further deteriorating as a result of the lack of proper inspection, maintenance and repair, and as a result of the proper preparation and maintenance of the records required by the FAA.

39.     The reasonable market value of the Aircraft is less than the balance owed to Plaintiff on the Note, and the Aircraft has no reasonable market value to Defendants, given the

amount of the debt owed to Plaintiff.  Alternatively, each of the Aircraft has very nominal value because of the indebtedness owed to Plaintiff in connection with estimated value of all collateral securing the Note.  Because of the fact that Defendants have no equity in the Aircraft, and because the indebtedness owed to Plaintiff exceeds the reasonable value of the Aircraft and other collateral securing the Note, Plaintiff moves the Court to set a bond of nominal amount in connection with the temporary restraining order and/or writ of sequestration.  Accordingly, any bond set in connection with the sequestration or temporary restraining order, should be a nominal amount.

### Judicial Foreclosure of All U.C.C. Collateral

40.      All preceding paragraphs are incorporated herein by reference.

41.      Plaintiff has a lien on all U.C.C. collateral securing the Note held by Borrower as evidenced by the Security Agreement and one or more Financing Statements filed by Plaintiff with the Texas Secretary of State.  As indicated in the Loan Agreement and Security Agreement signed by Borrower Plaintiff has a first lien on collateral pledged therein including, but not limited to, all collateral located at Hangar No. 32 C located at 1006 Military Drive, #32C, Conroe Texas 77302 and 109 Aviation Dr., Hangar-Whisky Golf, Santa Fe NM 87507.  Since Borrower is in default on its contractual obligations under the Note and Security Agreement, Plaintiff, as first lien holder on the subject collateral, seeks an order of this Court directing the appropriate officer to seize all collateral listed in the Security Agreement and related UCC-1 filings, and provide it to Plaintiff for disposition in accordance with Article 9 of the Texas Business and Commerce Code (UCC).

42.      To the extent necessary, Plaintiff also seeks judgment confirming that it has the right of title and possession to the Aircraft, Logs and all related parts listed in the Aircraft Security Agreement, as well as the right to sell such collateral in compliance with the terms of the Aircraft Security Agreement and Article 9 of the U.C.C.

20230164.20230164/5052714.1

**Attorneys' Fees**

43.     Pursuant to provisions of Note and Note 2, the Aircraft Security Agreements, the

Loan Agreement and the Guarantees, Plaintiff is entitled to recover its reasonable and necessary

attorneys' fees incurred in connection with the preparation, filing and prosecution of this action as

well as an appeal, if necessary, of this cause and Plaintiff brings this action to recover all its

reasonable and necessary attorneys' fees.

## CONDITIONS PRECEDENT

44.     All conditions precedent to Plaintiff's right to bring this lawsuit and recover from

Defendants have been performed, have occurred or have been legally waived or excused.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

(i)     Without notice to Defendants, the Court issue a temporary restraining order and ex
        parte writ of sequestration as requested herein;

(ii)    That the Court set a date and time for the hearing of Plaintiffs Application for
        Temporary Injunction;

(iii)   That the Defendants be cited to appear and answer herein;

(iv)    That after the temporary injunction hearing, the Court issue further and any other
        orders as may be appropriate and as requested herein;

(v)     That Plaintiffs have and recover judgment of and from and against Defendants for
        its reasonable and necessary attorneys' fees and costs of suit;

(vi)    That Plaintiff recover judgment against Defendants for all amounts due it under the
        Note, Note 2; the Loan Agreement, the Aircraft Security Agreements, and all
        related guarantees;

(vii)   That Plaintiff be awarded judgment for judicial foreclosure of all applicable U.C.C.
        collateral; and

(viii)  That Plaintiff be awarded such other and further relief, at law or in equity to which
        it may show itself justly entitled.

20230164.20230164/5052714.1

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email:  mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR PLAINTIFF**

12

20230164.20230164/5052714.1